UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE AYALA ESCOBAR,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-05431-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 9

This habeas action concerns the detention of Petitioner Jose Ayala Escobar, a noncitizen who has lived in the United States since 2022. Based on the Government's interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community prior to revoking his prior release. For the reasons explained below, the Court GRANTS the petition.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner, a native of El Salvador, entered the United States on August 30, 2022 near the Clint, Texas border and was detained by U.S. Customs and Border Patrol shortly thereafter. ECF No. 7-1 at 3. Following his arrest, Petitioner was served a Notice to Appear and was released to the custody of a sponsor because he was a minor at the time. *Id*. Following his release, he began living in Mountain View, California where he works as a landscaper. ECF No. 1 at 6; ECF No. 7-1 at 2. He is also in a relationship with a United States citizen, and they are expecting their first child together. ECF No. 1 at 6.

Petitioner was arrested for driving under the influence on January 6, 2026, and charged

United States District Court
Eastern District of California

with a misdemeanor. *See* ECF No. 7-2 at 5. This charge remains pending, and Petitioner intends to challenge it as he maintains that, prior to his arrest, he had only drunk half a beer three hours beforehand. ECF No. 1 at 6. According to records submitted by Respondents, Petitioner "came to the attention of the San Jose Immigration and Customs Enforcement Office" ("ICE") five days before his arrest on January 1, 2026. ECF No. 7-1 at 2. But for reasons not made clear in the records before the Court, the Government waited five months to arrest Petitioner. On June 17, 2026, ICE "went to [Petitioner]'s last known address" and arrested him as he was leaving his home on his bicycle. *Id*. Petitioner has remained detained since that date, and has not been provided a bond hearing, as Respondents maintain that his detention is mandatory under 8 U.S.C. § 1225(b). *See* ECF No. 7 at 1.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner filed this habeas petition arguing, among other things, that his re-detention violates his procedural due process rights. *See* ECF No. 1 at 16–17. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*,

No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). For the reasons that follow, the Court finds that Petitioner's continued detention violates his right to due process and orders his immediate release.

**A. Liberty Interest**

As an initial matter, Respondents oppose relief on the ground that Petitioner's detention is lawful under 8 U.S.C. § 1225(b). Dkt. No. 7 at 1. This argument is foreclosed by Ninth Circuit precedent. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) ("aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). And in any event, as Petitioner was previously released by immigration authorities and has no final order of removal in place, the Court "need not determine whether § 1225 or § 1226 applied in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." *Cajina v. Wofford*, No. 1:25-CV-1566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

"[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). As such, Courts have found that noncitizens in removal proceedings who have previously been released by immigration authorities obtain a protected liberty interest in their continued freedom. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals

released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."). As Petitioner was previously released by immigration authorities, he has a protected liberty interest in his continued freedom.

**B. *Mathews* Factors**

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over four years. In the intervening time, she has been allowed to develop ties in his community working and living at liberty. "H[is] detention denies h[im] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690. Though Respondents maintain that a bond hearing is an appropriate remedy here given Petitioner's arrest in January 2026, the record before the Court indicates that there was no independent finding of changed circumstances before Petitioner was re-detained. Indeed, the Government was aware of Petitioner's presence in the United States, as well as his address, but did not arrest him until five months *after* his DUI arrest. *See* ECF No. 7-1 at 2–3. Given the lapse

of time, and that the Government was aware of Petitioner's whereabout, the Court does not find there to be any exigent circumstances justifying Petitioner's arrest without *pre*-deprivation process. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

As Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

4. This Order does not address the circumstances under which Petitioner may be re-detained in the event he becomes subject to an executable order of removal.

United States District Court
Eastern District of California

5. This order resolves all pending motions. Petitioner's motion for a temporary restraining order (ECF No. 9) is resolved as moot.

6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Noël Wise
United States District Judge